

MITCHELL SILBERBERG & KNUPP LLP
A LAW PARTNERSHIP INCLUDING PROFESSIONAL CORPORATIONS

Eleanor M. Lackman
Partner
(212) 878-4890 Phone
(917) 546-7675 Fax
eml@msk.com

November 8, 2019

**VIA ECF ONLY**

Hon. Naomi Reice Buchwald, U.S.D.J.
Daniel Patrick Moynihan
United States Courthouse
Southern District of New York
500 Pearl Street, Courtroom 21A
New York, New York 10007

Re: Eric Elliott (p/k/a "Fly Havana") v. Joseph Anthony Cartagena (p/k/a "Fat Joe"), et al., Case No. 1:19-cv-01998 (NRB)

Dear Judge Buchwald:

We are counsel for Defendants Joseph Anthony Cartagena (p/k/a/ "Fat Joe"); Reminisce Smith Mackie (p/k/a "Remy Ma"); Joey and Ryan Music; Remynisce Music; Sneaker Addict Touring LLC; Terror Squad Productions, Inc.; Terror Squad Entertainment; RNG (Rap's New Generation); Warner Chappell Music, Inc.; and Warner-Tamerlane Publishing Corp. (collectively, "Defendants") in the above captioned action.

Pursuant to Your Honor's Individual Rule 2(E)(1), Defendants respectfully submit this letter in conjunction with their opening memorandum of law in support of their Motion for Summary Judgment (the "Motion"). Pursuant to the Court's statements on the record at the October 17, 2019 pre-motion hearing in this action, Defendants' motion focuses on the agreement (the "Agreement") referenced in the parties' pre-motion letters and subsequent submissions to the Court during the month of September.[1]

The Motion focuses on the facts set forth in the Complaint filed in this action, as well as the statements made in the form of sworn testimony from witnesses with personal knowledge of the Agreement, which pertained to plaintiff Eric Elliott's ("Elliott") claimed contributions to the musical composition and recording, performed and released by certain defendants, called "All The Way Up" (the "Track"). There is no dispute that even though the Agreement cannot be found, the Agreement existed and Elliott signed it. Nor is there any genuine dispute that the Agreement broadly dispossessed Elliott of any copyright rights he may have had. Elliott also does not dispute that he received a check when he signed the Agreement; nor does he deny that he promptly deposited that check.

On these facts, the Motion advances the arguments that Elliott is barred as a matter of law from asserting any claims to ownership, credit, or compensation pertaining to the Track. Although the

---

[1] As discussed at the hearing, to the extent this Motion is denied or does not resolve the case entirely, Defendants may move to dismiss on other grounds. *See* ECF No. 135 at 6:8-11.

437 Madison Ave., 25th Floor, New York, New York 10022-7001
Phone: (212) 509-3900 Fax: (212) 509-7239 Website: WWW.MSK.COM

11659788.2



Hon. Naomi Reice Buchwald, U.S.D.J.
November 8, 2019
Page 2

copy that Defendants were able to find is an unsigned version, the Agreement satisfies the writing requirement for assignments under Section 204(a) of the Copyright Act, and Elliott's statements ratify the fact that he signed a one-page document that resulted in the divestment of his claimed rights.

Elliott will be unable to create a genuine issue on this point. He does not have a copy of any written version of the terms he accepted, while Defendants have offered sworn testimony and documentation regarding the creation of the Agreement and its timing. Defendants also have provided an explanation that shows that the absence of the signed Agreement was not procured by any bad faith on the part of Defendants.[2] Under such circumstances, the question is purely evidentiary, and the best evidence rule resolves it. Federal Rule of Evidence 1004(a) comes into play to prove the content of the writing that cannot be located; courts routinely apply the rule at the summary judgment stage where no genuine issue of fact is present that would call the writing into question. A review of the terms shows that the Agreement was broad and comprehensive, expressly taking ownership of all copyright rights that Elliott may have had. The Agreement further confirms that Elliott should expect no other consideration or obligation beyond the consideration paid upon signature of the Agreement.

While Elliott has not yet admitted that the proffered document is the one he signed, he will not be able to dispute it as a matter of law. Not only has Elliott acknowledged the key terms of the "piece of paper" he signed, but he cannot identify any conflicting terms with specificity because he admittedly has not seen the Agreement in over three years and is unsophisticated in legal review. He has no other witness that could corroborate the terms given that Elliott met with Cartagena alone and never took a copy of the Agreement with him or requested one for his records. Accordingly, Elliott has no evidence that would create a *genuine* issue of material fact regarding the document Defendants submitted to the Court. This in turn makes summary judgment appropriate.

Elliott has alluded to various attacks on the Agreement, but none is legally cognizable. For example, his claim that the circumstances for his review were not ideal—effectively, that he did not have enough time to review during the half-hour meeting, and that he would have rather had a lawyer's help—cannot unwind the force of contract law. Hindsight is never a basis to undo an agreement. In any event, his claims are implausible. Even if he did not have as much time as he would have liked, the Agreement was less than a page long. It was titled "WORK FOR HIRE – ASSIGNMENT OF COPYRIGHT" in bold and underscored letters. It repeatedly references that Elliott will have no copyright rights (if he ever did), states clearly that no additional compensation will be due, and confirms that the Agreement "contains the entire understanding of the parties."

Moreover, Elliott's reference to other promises, such as compensation to come or Cartagena breaking his career, are nowhere to be found in the Agreement and conflict with the express terms. Under these circumstances, Elliott's claims—whether styled as fraudulent inducement or

---

[2] As a matter of logic, it would make Defendants' task easier if the version with the signature were located.

11659788.2



Hon. Naomi Reice Buchwald, U.S.D.J.
November 8, 2019
Page 3

anything else—cannot survive as a matter of law.  Nor is there basis to hold the Agreement procedurally and substantively unconscionable:  the terms contemplate a grant of rights and releases in exchange for a $5,000 payment, one that Elliott quickly deposited without any objection until some time later.  After learning of the Track's success, Elliott understandably may have come to regret the deal he entered.  However, as a matter of law, the Agreement is binding and enforceable, divesting him of the ability to assert the claims he does.

As detailed in full in the Motion, and as will be further addressed on reply, the nature and scope of the Agreement are unassailable and the Agreement absolutely bars all of Elliott's claims.  As a result, the Court should dismiss the case with prejudice.

Respectfully submitted,

*[signature]*

Eleanor M. Lackman
Partner of
MITCHELL SILBERBERG & KNUPP LLP

EML/eln

cc:     All Counsel of Record (via ECF)

11659788.2