```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
ERIC A. ELLIOTT (p/k/a FLY
HAVANA),
               Plaintiff,                    MEMORANDUM AND ORDER

        - against -                          19 Civ. 1998 (NRB)

JOSEPH ANTHONY CARTAGENA (p/k/a
FAT JOE), et al.,
               Defendants.
------------------------------------X
```

**NAOMI REICE BUCHWALD**
**UNITED STATES DISTRICT JUDGE**

Plaintiff Eric A. Elliott ("Elliott" or "plaintiff") brought a copyright infringement action, alleging that he is a co-author of the song "All The Way Up."  Defendants[1] now move for summary judgment on the ground that plaintiff contractually gave up all of his rights in the song.  For the following reasons, defendants' motion is denied.

## I.   Background

1.   **The Song "All The Way Up" and the "Piece of Paper"**

At the outset, the Court summarizes the facts relevant to this motion as drawn from the complaint filed on March 6, 2019

---

[1]     In this action, plaintiff has sued over 25 defendants who can be roughly categorized as 1) individuals named as the co-authors of the song "All The Way Up"; 2)their publishing entities; 3) other entities that allegedly own copyrights in the song; and 4) entities that distributed and exploited the song. This motion has been made by a limited number of defendants, including some who do not have any direct involvement in the factual issues raised by this motion. For convenience, "defendants" in this Memorandum and Order collectively refers to the moving defendants and other defendants who joined them.

("Complaint"), see ECF No. 6, and the materials submitted by the parties in connection with this motion.[2]

In late 2015, plaintiff and defendant Shandel Green (p/k/a Infared) created a soundtrack at a studio in Miami, Florida.  See Compl. (ECF No. 6) at ¶ 8.  Plaintiff alleges that this soundtrack was the prototype of the song "All The Way Up," which was publicly released on March 2, 2016 as a song created by defendants Joseph Cartagena (p/k/a Fat Joe) ("Fat Joe"); Karim Kharbouch (p/k/a French Montana); Reminisce Smith Mackie (p/k/a Remy Ma); and others.  Id. at ¶¶ 9, 39.  Plaintiff was not named as one of the song's authors.  Id.  Shortly after the song was released, in early March 2016, plaintiff and Fat Joe spoke over the phone.  Id. at ¶ 41.  During the call, plaintiff "said he wanted to get paid up front or have publishing going forward."  Id.

In mid-March, plaintiff and Fat Joe had a meeting at an IHOP restaurant.  See Parties' Rule 56.1 Stmts. ¶ 5.[3]  At the meeting, Fat Joe gave plaintiff a check for $5,000.  Id. at ¶ 8; Compl.

---

[2]     Because this motion is a pre-discovery motion for summary judgment under Rule 56, some of the statements of facts proffered by the parties in connection with this motion are predicated solely on the allegations in the Complaint.  Because plaintiff has verified the Complaint as "true, accurate, and correct to the best of [his] information and belief," see Elliott Decl. (ECF No. 155) at ¶ 2, we treat the allegations in the Complaint as sworn statements by plaintiff. See Colon v. Coughlin, 58 F.3d 865, 872 (2d Cir. 1995) ("A verified complaint is to be treated as an affidavit for summary judgment purposes.").  We also reference the allegations in the Complaint that are not cited by the parties in their statements of facts for the limited purpose of placing this motion in context without regarding those allegations as established facts.

[3]     "Parties' Rule 56.1 Statements" refer to Defendants' Rule 56.1 Statement (ECF No. 146) and Plaintiff's Rule 56.1 Counterstatement (ECF No. 156).

¶ 50.  The check denoted that it was for "write."  Id.  At the same meeting, Fat Joe also put a "piece of paper" in front of plaintiff.  See Parties' Rule 56.1 Stmts. ¶ 9.  Plaintiff signed the "piece of paper" and took the $5,000 check.  Id. at ¶ 10; Compl. ¶ 56.  Plaintiff was not provided a copy of the signed "piece of paper."  See Parties' Rule 56.1 Stmts. ¶ 11; Compl. ¶ 54. After the meeting, plaintiff deposited the check.  See Parties' Rule 56.1 Stmts. ¶ 12.

> 2.  **The Court's Order to Submit Any Versions of the "Piece of Paper" in Parties' Possession**

Plaintiff commenced this action by filing the Complaint.  See ECF No. 6.  On August 16, 2019, a subgroup of defendants—Fat Joe and his publishing entities; Remy Ma and her publishing entity; and Warner entities, which allegedly own part of the song "All The Way Up"—filed a pre-motion letter, proposing a motion to dismiss the Complaint in its entirety.  See ECF No. 112.  Plaintiff filed a letter response on August 26, 2019.  See ECF No. 120.  After reviewing the parties' letters, the Court filed a letter on September 5, 2019, directing the parties to file "whatever versions of the ['piece of paper'] are in their possession" and "sworn statements from the relevant parties addressing the lack of possession (i.e. total or unsigned)."  See ECF No. 125.  On September 19, 2019, plaintiff submitted a sworn declaration, certifying that he did not possess any copy of whatever version of

the "piece of paper" referenced in the Complaint.  See Elliott

Decl. (ECF No. 132-1), ¶ 2.

Of greater relevance here among the submissions by defendants

are the sworn declarations by Fat Joe and Erica Moreira, who was

Fat Joe's attorney at the relevant time.  See ECF No. 131.[4]  On

September 19, 2019, defendants submitted a sworn declaration by

Moreira, claiming that she had prepared the "piece of paper."  See

Moreira Decl. (ECF No. 131-2), ¶¶ 4-7.  Moreira states that, on

March 2, 2016, Fat Joe requested her to draft an agreement that

would put to rest plaintiff's assertion of interests in the song

"All The Way Up."  See Id. at ¶ 4.  According to Moreira, on March

11, 2016, Pacheco—who was then Fat Joe's manager—emailed her a

photograph of plaintiff's Florida driver's license, and she sent

Fat Joe and Pacheco a draft agreement tailored to reflect the

information about plaintiff ("Draft Agreement").  See Id.  ¶¶ 5-

6.  Moreira submitted a copy of the Draft Agreement along with her

declaration.  See Id., Ex. B.  Fat Joe states in his declaration

that he printed out the Draft Agreement without making any changes

and brought it to his meeting with plaintiff at the IHOP

restaurant.  See Cartagena Decl. (ECF No. 131-1), ¶¶ 6, 8.

---

[4]     Universal Music-Z Tunes LLC; Songs of Universal Inc.; Roc Nation
LLC; and Roc Nation Management LLC, which joined this motion, also submitted
declarations certifying their non-possession of the signed copy of the "piece
of paper."  See ECF Nos. 129 & 130.

As to the whereabouts of the signed copy of the "piece of paper," Moreira states in her declaration that she never received it.  See Moreira Decl., ¶ 8.  Fat Joe also certifies in his declaration that he could not locate a signed copy of the "piece of paper" after a reasonable search of his home, his personal belongings and the people "in [his] circle at the time."  Id. at ¶ 9.  However, Fat Joe further states that he "may have provided the document to [his] then-manager, Mr. Elis Pacheco."  Id. According to Fat Joe, "Pacheco was contacted by e-mail regarding this matter," but it is Fat Joe's "understand[ing] that [Pacheco] indicated he was unable to locate a signed copy of the [document]." Id.

### 3.   **Pending Motion for Summary Judgment**

After reviewing the materials submitted by the parties, the Court held a pre-motion conference on October 17, 2019.  See ECF No. 135.  At the conference, the Court granted defendants leave to make a pre-discovery motion for summary judgment limited to the issue of establishing the content of the parties' agreement in the absence of a signed copy of the "piece of paper," see ECF No. 141, which motion defendants filed on November 8, 2019.  See ECF No. 143.

5

## II.   <u>Discussion</u>

B.   **Legal Standard: Federal Rule of Civil Procedure 56**

Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56. A fact is "material" if it "might affect the outcome of the suit under the governing law." See <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248 (1986). A dispute is "genuine" if, considering the record as a whole, a rationale jury could find in favor of the non-moving party. <u>Ricci v. DeStefano</u>, 557 U.S. 557, 586 (2009). At summary judgment, the movant bears the initial burden of demonstrating the absence of a genuine issue of material fact. <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 323 (1986). "Where the non-movant bears the burden of proof at trial, the movants' initial burden at summary judgment can be met by pointing to a lack of evidence supporting the non-movant's claim." <u>Ramos v. City of New York</u>, No. 18 Civ. 4938 (ALC), 2020 WL 4041448, at *2 (S.D.N.Y. Jul. 16, 2020) (citing <u>Celotex Corp.</u>, 477 U.S. at 325). Once the movant satisfies its initial burden, the non-movant must then respond with specific facts demonstrating that there are remaining material issues for trial. <u>Ricci</u>, 557 U.S. at 586 (quoting <u>Celotex Corp.</u>, 477 U.S. at 324).

"Although a pre-discovery motion for summary judgment is permitted under Federal Rule of Civil Procedure 56, it should be

granted only in the rarest cases because the nonmoving party must have had the opportunity to discover information that is essential to his opposition to the motion for summary judgment." Baskett v. Autonomous Research LLP, No. 17 Civ. 9237 (VSB), 2018 WL 4757962, at *4 (S.D.N.Y. Sept. 28, 2018).  Rule 56(d) addresses the need for additional discovery in the context of a summary judgment motion.  Specifically, Rule 56(d) provides that, "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition," the court may defer decision on the motion, deny the motion, allow additional time to take discovery, or issue any other appropriate order.  Fed. R. Civ. Pr. 56(d).  In this Circuit, a Rule 56(d) affidavit "must include the nature of the uncompleted discovery; how the facts sought are reasonably expected to create a genuine issue of material fact; what efforts the affiant has made to obtain those facts; and why those efforts were unsuccessful." Paddington Partners v. Bouchard, 34 F.3d 1132, 1138 (2d Cir. 1994).

      C.   **Analysis**

      The central issue presented in this motion is whether, in the apparent absence of a signed copy of the "piece of paper," defendants may prove the content of the parties' agreement.  A multi-step analysis is required to answer this question.

      At the outset, the Court concludes that the Draft Agreement is admissible under Federal Rule of Evidence 1003 as a duplicate

of the "piece of paper" that was presented to plaintiff at the meeting between Fat Joe and him.  Moreira has submitted a copy of her email to Fat Joe, dated March 11, 2020, which shows the Draft Agreement as an attachment.  See ECF No. 145-1.  Fat Joe states in his declaration that he printed out the attachment without any modification and brought it to his meeting with plaintiff.  See Cartagena Decl., ¶¶ 6, 8.  These sworn statements are sufficient to establish the authenticity of the Draft Agreement as a duplicate of the "piece of paper" that was presented to plaintiff.  In his Rule 56(d) declaration, plaintiff's counsel suggests several arguments to challenge the authenticity of the Draft Agreement as a duplicate of the "piece of paper."  See ECF No. 153 at ¶¶ 7-9.[5] However, those arguments amount to no more than just mere speculation that the Draft Agreement might not be an authentic duplicate of the "piece of paper," which is insufficient to raise a genuine question about authenticity under Rule 1003.  See United States v. Grimmer, 199 F.3d 1324, 1324 (2d Cir. 1999) ("Simply speculating that there is no assurance that the proffered document is actually a duplicate of the original does not raise a genuine question under Rule 1003.") (citing United State v. Chang An-Lo, 851 F.2d 547, 557 (2d Cir. 1988)).

---

[5]     Although plaintiff's counsel erroneously designated his declaration as one submitted under Rule 56(f), which is the earlier placement of Rule 56(d), the Court will treat the declaration of plaintiff's counsel as one submitted under Rule 56(d).

Given our conclusion that the Draft Agreement is admissible under Rule 1003 as a duplicate of the "piece of paper" and given the plaintiff's concession that he signed a "piece of paper" that was presented to him at the meeting with Fat Joe, the parties' dispute becomes whether the Court may consider the Draft Agreement for the purpose of inferring the terms of the parties' signed agreement.  This dispute calls for the application of the "best evidence" rule, which is codified at Federal Rule of Evidence 1002. Burt Rigid Box, Inc. v. Travelers Prop. Cas. Corp., 302 F.3d 83, 91 (2d Cir. 2002).  Federal Rule of Evidence 1002 provides that "[a]n original writing, recording, or photograph is required in order to prove its content unless these rules or a federal statute provides otherwise."  Of particular relevance here, Federal Rule of Evidence 1004 provides:

> An original is not required and other evidence of the content of a writing, recording or photograph is admissible if:
>
> (a) all the originals are lost or destroyed, and not by the proponent acting in bad faith;
>
> (b) an original cannot be obtained by any available judicial process;
>
> (c) the party against whom the original would be offered had control of the original; was at that time put on notice, by pleadings or otherwise, that the original would be a subject of proof at the trial or hearing; and fails to produce it at the trial or hearing; or
>
> (d) the writing, recording, or photograph is not closely related to a controlling issue.

9

"The party seeking to prove the contents of the writing must establish a proper excuse for the non-production of the document and that the original did exist."  A.F.L. Falck, S.p.A. v. E.A. Karay Co., Inc., 722 F. Supp. 12, 16 (S.D.N.Y. 1989).  Because defendants seek to prove the content of the signed copy of the "piece of paper" through other evidence, defendants bear the burden of establishing that at least one of the conditions specified in Rule 1004 has been satisfied.  Here, defendants invoke Federal Rule of Evidence 1004(a).  Accordingly, defendants bear the burden of establishing that "all the originals are lost or destroyed, and not by the proponent acting in bad faith."  Fed. R. Evid. 1004(a).

As discussed above, Fat Joe states in his declaration that he "may have provided the document to [his] then-manager, Mr. Elis Pacheco," see Cartagena Decl. ¶ 9, and Pacheco was named as a recipient in Moreira's email to Fat Joe, providing the Draft Agreement.  These facts support an inference that the signed copy of the "piece of paper" may currently be in Pacheco's possession. In order to discount that possibility, Fat Joe states in his declaration that "Pacheco was contacted by e-mail regarding this matter, but I understand that he indicated he was unable to locate a signed copy of the Agreement."  Id.  Consistent with Fat Joe's position, Moreira also states in her declaration: "It is my understanding that Mr. Pacheco, who is no longer Mr. Cartagena's

manager, was asked to search for the signed Agreement, but has indicated that he has been unable to locate it." See Moreira Decl. ¶ 9. Further, along with their reply brief, defendants submitted a declaration by Andrew D. Kupinse, who has served as Fat Joe's attorney since 2016. See Kupinse Decl. (ECF No. 161) ¶ 4. In the declaration, Kupinse states that, in response to his request to send a signed copy of the "piece of paper," Pacheco stated that "following some 'digging' in storage, [Pacheco] was '100% sure he was never in possession of [it].'" Id. at ¶ 8.

Plaintiff objects to our consideration of these statements about Pacheco on the ground that they are inadmissible hearsay. See, e.g., ECF No. 154 at 26-27. This argument is without merit. Our consideration of these statements is limited to the issue of whether defendants have satisfied their burden to invoke the exception to best evidence rule under Federal Rule of Evidence 1004(a), which will determine the Draft Agreement's admissibility for the purposes of establishing the terms of parties' agreement. Under Federal Rule of Evidence 104(a), the Court is "not bound by evidence rules," including the rule against hearsay, in deciding a preliminary question about admissibility of evidence, which includes a Rule 1004(a) inquiry.

The Court nonetheless concludes that defendants have failed to fully satisfy their burden to invoke Rule 1004(a). It is defendants' burden to prove by the preponderance of proof that all

11

copies of the signed agreement between the parties are lost or destroyed.  See Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579, 592 n.10 (1993) (concluding that preliminary questions concerning the admissibility of evidence should be established by a preponderance of proof).  Having considered the various statements attributed to Pacheco that were offered by Fat Joe, Moreira and Kupinse, the Court concludes that these hearsay statements fall short of direct testimony by Pacheco assuming his availability.  While there is no obvious reason to believe that these hearsay statements offered are not true, given the centrality of the issue of whether Rule 1004(a) can be invoked to establish the contractual terms between the parties, the Court concludes that defendants should be required to exhaust all effort to obtain a sworn testimony by Pacheco.[6]


### III.   Conclusion

For the foregoing reasons, defendants' motion for summary judgment is denied without prejudice.  Defendants are granted leave to renew this motion on the existing motion papers at such time as they conclude that they have secured non-hearsay evidence from Pacheco sufficient to meet the requirements of Rule 1004(a) and

---

[6]     Both plaintiff and defendants requested oral argument on this motion.  Because we resolve this motion without prejudice based on a threshold question, we also deny those requests without prejudice.  The parties may renew their request for oral argument if this motion is restored.

have filed that evidence as a supplement to the existing motion papers.  If defendants renew their motion, plaintiff will have fourteen (14) days to file a response.  This Memorandum and Order resolves ECF Entry No. 143.

SO ORDERED.


Dated:     New York, New York
           July 31, 2020

NAOMI REICE BUCHWALD
UNITED STATES DISTRICT COURT