

Eleanor M. Lackman
Partner
(212) 878-4890 Phone
(917) 546-7675 Fax
eml@msk.com

August 27, 2020

**VIA ECF ONLY**

Hon. Naomi Reice Buchwald, U.S.D.J.
Daniel Patrick Moynihan
United States Courthouse
Southern District of New York
500 Pearl Street, Courtroom 21A
New York, New York 10007

Re: *Eric Elliott (p/k/a "Fly Havana") v. Joseph Anthony Cartagena (p/k/a "Fat Joe"), et al.*, Case No. 1:19-cv-01998 (NRB)

Dear Judge Buchwald:

We are counsel for defendants Joseph Anthony Cartagena (p/k/a/ "Fat Joe"); Reminisce Smith Mackie (p/k/a "Remy Ma"); Joey and Ryan Music; Remynisce Music; Sneaker Addict Touring LLC; Terror Squad Productions, Inc.; Terror Squad Entertainment; RNG (Rap's New Generation); Warner Chappell Music, Inc.; and Warner-Tamerlane Publishing Corp. (collectively, "Defendants") in the above captioned action.  We submit this letter to apprise the Court regarding Defendants' efforts to obtain evidence from non-party Elis Pacheco ("Pacheco") regarding the whereabouts of the signed copy of the rights agreement pertaining to plaintiff Eric Elliott's ("Plaintiff") claimed contributions pertaining to the track "All The Way Up" (the "Agreement").

The Court, in its Decision and Order dated July 31, 2020 (ECF Doc. No. 166), denied Defendants' Motion for Summary Judgment without prejudice and granted Defendants leave to renew the motion on the existing motion papers "at such time as [Defendants] conclude that they have secured non-hearsay evidence from Pacheco sufficient to meet the requirements of Rule 1004(a)."  Order at 12.  As noted in the Declaration of Andrew Kupinse, dated December 17, 2019 (ECF Doc. No. 161), Mr. Pacheco searched for the signed Agreement at the request of Mr. Kupinse.  As the Declaration further explained, Mr. Pacheco advised that he was unable to find the Agreement, and stated that he did not believe he ever had a signed copy of the document.  While Plaintiff first raised the hearsay argument in the form of objections to Defendants' reply papers, Defendants respectfully submit that these statements are admissible as exceptions to the rule against hearsay, specifically Fed. R. Evid. 803(1) in describing his search while and immediately after conducting it, as well as Fed. R. Evid. 803(3) in discussing his intention to conduct the search and his basis for responding as he did.[1]

---

[1] All of the communications referenced in the Kupinse Declaration were conducted via email; because they discuss other sensitive business matters and no protective order is yet in place, they were not attached to the Declaration but merely excerpted.  However, to the extent the irrelevant material may be redacted or some other means of limited disclosure is available, Defendants can agree to make such communications available to the Court.

437 Madison Ave., 25th Floor, New York, New York 10022-7001
Phone: (212) 509-3900 Fax: (212) 509-7239 Website: WWW.MSK.COM

12436758.2



Hon. Naomi Reice Buchwald, U.S.D.J.
August 27, 2020
Page 2

In the meantime, at the Court's direction, Defendants have sought to obtain sworn testimony from Mr. Pacheco, who no longer works with Mr. Cartagena, but who we believe presently resides primarily in Miami, Florida. Despite diligent efforts over the past three weeks, we have been unable to procure testimony through informal means. Accordingly, Defendants have commenced the process of serving him with a subpoena for testimony regarding his knowledge of the whereabouts of any signed copy of the Agreement. The deposition has been noticed for September 9, 2020.

In light of the narrow scope of the issue that is central to the renewal of the motion for summary judgment, which turns on reasonable efforts to find the executed copy of the Agreement, Defendants respectfully request that the anticipated motion to dismiss and other related procedures be held in abeyance while Defendants exhaust efforts to obtain sworn testimony from the sole remaining known witness who might have knowledge of the whereabouts of the Agreement. Defendants will report to the Court no later than Monday, September 14, 2020 regarding their results of their efforts.

We thank the Court for its attention to this matter.

Respectfully submitted,

Eleanor M. Lackman
Partner of
MITCHELL SILBERBERG & KNUPP LLP

EML/eln

cc:     All Counsel of Record (via ECF)

Application granted. The clerk of court is directed
to close the motion (ECF No. 167).

SO ORDERED.

NAOMI REICE BUCHWALD
UNITED STATES DISTRICT JUDGE

Date: August 28, 2020

12436758.2