

MITCHELL SILBERBERG & KNUPP LLP
A LAW PARTNERSHIP INCLUDING PROFESSIONAL CORPORATIONS

Eleanor M. Lackman
Partner
(212) 878-4890 Phone
(917) 546-7675 Fax
eml@msk.com

March 18, 2021

**VIA ECF ONLY**

Hon. Naomi Reice Buchwald, U.S.D.J.
Daniel Patrick Moynihan
United States Courthouse
Southern District of New York
500 Pearl Street, Courtroom 21A
New York, New York 10007

**Re: *Eric Elliott (p/k/a "Fly Havana") v. Joseph Anthony Cartagena (p/k/a "Fat Joe"), et al.*, Case No. 1:19-cv-01998 (NRB)**

Dear Judge Buchwald:

We are counsel for defendants Joseph Anthony Cartagena (p/k/a/ "Fat Joe"); Reminisce Smith Mackie (p/k/a "Remy Ma"); Joey and Ryan Music; Remynisce Music; Sneaker Addict Touring LLC; Terror Squad Productions, Inc.; Terror Squad Entertainment; RNG (Rap's New Generation); Warner Chappell Music, Inc.; and Warner-Tamerlane Publishing Corp. (collectively, "Defendants") in the above captioned action. We submit this letter to keep Your Honor apprised regarding Defendants' efforts to obtain evidence from non-party Elis Pacheco ("Pacheco") regarding the whereabouts of the signed copy of the rights agreement pertaining to Plaintiff Eric Elliott's ("Elliot") claimed contributions pertaining to the track "All The Way Up" (the "Agreement").

As noted in the prior submissions and as recognized in the Court's July 31, 2020 Order, Mr. Pacheco is the only person, other than those who have testified, who might know of the Agreement's whereabouts. (ECF Doc. No. 166). Since Defendants' last letter dated January 15, 2021, apprising the Court on their unfruitful efforts to personally serve Mr. Pacheco and requesting leave to file a motion for alternative service (*see* ECF Doc. No. 175. 176), Defendants filed a motion for alternative service of the subpoena to Mr. Pacheco on February 1, 2021. (ECF Doc. Nos. 177-179). The Court granted Defendants' motion on February 5, 2021, ordering that Defendants serve Mr. Pacheco by alternative means, namely by: "(1) regular mail and certified mail at the addresses known to be his; (2) at his business email where Defendants were previously successful in communicating with Mr. Pacheco; and (3) the social media platform Facebook, where Pacheco is noted to have been recently active." (ECF Doc. No. 180). In accordance with Your Honor's Order, Defendants attempted the aforementioned modes of alternative service but remain unsuccessful in obtaining evidence directly from Mr. Pacheco.

In particular, Defendants issued a new subpoena dated February 10, 2021 (the "Subpoena"). *See* Exhibit A. As set forth in the Subpoena, Defendants requested the production of documents by February 22, 2021 and for Mr. Pacheco to appear for a deposition by remote means, scheduled for February 25, 2021. *See id.* Defendants then obtained the services of DGR Legal ("DGR"),





who identify themselves as experienced process servers with familiarity in social media service, to serve the Subpoena on Mr. Pacheco in accordance with the Court's Order.

As set forth in the annexed Exhibits B-D, DGR attempted service upon Mr. Pacheco by: (1) regular mail and certified mail to two addresses known to be his; (2) by email to his business email; and (3) by Facebook. Each attempt was unsuccessful. Specifically, Defendants served two addresses known to be associated with Mr. Pacheco by regular mail and certified mail. *See* Exhibits B and C (Affidavits of Courtney Gibson, dated February 11, 2021). The tracking results for the certified mailings reveal that notices were left at the respective addresses, but there was either no authorized recipient available or the mail forwarding had expired. *See* Exhibits E and F. Additionally, as the Affidavit of Alana Gibson, dated March 15, 2021 demonstrates, DGR was unsuccessful in serving Mr. Pacheco by email, but was able to send the subpoena to Mr. Pacheco through Facebook. *See* Exhibit D. The Affidavit of Service explains in detail that between February 11, 2021 and February 24, 2021, DGR attempted to serve Mr. Pacheco at his business email and his Facebook account via Facebook messenger, attempting each mode of service three separate times. *See* Exhibit D. With respect to service to Mr. Pacheco's business email, DGR received somewhat-delayed, automated replies on each attempt from Mr. Pacheco's email address, indicating that the email address was not found. As for the Facebook service, DGR reports that the messages were successfully sent via Facebook Messenger.[1] *See* Exhibit D, ¶¶ 4, 6, 8.

Nevertheless, in hopes that Mr. Pacheco received actual notice of the subpoena, even if there was no report that he opened the file or clicked on the link, the parties appeared for Mr. Pacheco's scheduled deposition on February 25, 2021. Mr. Pacheco did not appear.[2] *See* Exhibit G (Deposition Transcript of Elis Pacheco, dated February 25, 2021). While the parties were waiting for the deposition to start, my colleague sent an email to Mr. Pacheco with a cc to me. A few minutes later, both of us received a bounce-back message from Mr. Pacheco's email address, rather than a server, indicating issues with both an Apple iCloud server and a Google server.

At this juncture, Defendants have made a total of nineteen failed attempts at service over a span of approximately six months to obtain evidence directly from Mr. Pacheco regarding the whereabouts of the signed Agreement. In light of these exhaustive attempts, Defendants respectfully request guidance from the Court as to whether it now agrees with Defendants' belief that they have made sufficient efforts to obtain evidence directly from Mr. Pacheco in order to invoke the best evidence rule and to renew their Motion for Summary Judgment pursuant to the Court's July 31, 2020 Order (ECF Doc. No. 166). Indeed, not only can the document not be found, but evidently Mr. Pacheco cannot be—or does not want to be—found.

---

[1] As set forth in the Alana Gibson Affidavit, Mr. Pacheco uses "Messenger" without Facebook. Facebook has two separate applications – Facebook for individual profiles, and Facebook Messenger for messaging. As such, the messages were successfully sent to Mr. Pacheco even though he may have certain privacy settings set for his Facebook account. The messages never bounced back from Messenger and when/if Mr. Pacheco opens up the Messenger application, all of the notifications and documents will be there for him to read.

[2] TSG Court Reporting services sent out the information for the remote deposition to Mr. Pacheco's business email address. Moreover, Mr. Pacheco also did not produce any documents on February 22, 2021 as noticed on the Subpoena.





Defendants respectfully submit that the prerequisites have been satisfied. *First,* because the original signed agreement cannot be located even through the issuance of a subpoena, the best evidence rule should apply. *See* Fed. R. Evid. 1004(2) (stating an original is not required if "an original cannot be obtained by any available judicial process"); *Allegra v. Bowen*, 670 F. Supp. 465, 468 (E.D.N.Y. 1987) (noting the "'best evidence' rule, excuses production of the original if it cannot be obtained by available judicial process or procedure, the rationale being that if it cannot be obtained by either party or court, it is as inaccessible as though it had been lost or destroyed"). The Federal Rules of Evidence consider a witness "unavailable" under similar facts present here, where there have been diligent efforts to serve a witness. *See United States v. Ozsusamlar*, 428 F. Supp. 2d 161, 176 (S.D.N.Y. 2006) ("Inability to locate a witness invokes the Rule 804(a)(5) unavailability [hearsay] exception, which states that a declarant is adequately unavailable where "the proponent of a statement has been unable to procure the declarant's attendant . . . by process or other reasonable means.") (citing Fed. R. Evid. 804(a)(5)). Furthermore, the Plaintiff himself corroborates the material points at issue. As detailed in the Defendants' summary judgment motion, Mr. Elliott admits that he met with defendant Cartagena, admits that he signed an agreement, an agreement fitting Mr. Elliott's general description of it was attached to contemporaneous emails, and Plaintiff has offered no other agreement in its place. *See* ECF Doc. No. 144, at pp. 6-8. This Agreement bars any claim by Mr. Elliott regarding co-authorship of the song at issue.

*Second*, as set forth in the Declaration of Andrew Kupinse, dated December 17, 2019 (ECF Doc. No. 161, the "Kupinse Declaration"), which was submitted to the Court in connection with Defendants' Motion for Summary Judgment dated November 8, 2019 (ECF Doc. No. 143), Mr. Kupinse had direct contact with Mr. Pacheco regarding Mr. Pacheco's unfruitful efforts to locate the signed Agreement at issue. Specifically, as the annexed emails demonstrate, Mr. Pacheco explains that he searched for the document and that he was initially "99.9%" and then after further search, "100% sure" that he "was never in possession of the Work for Hire agreement" and "sure [that he] never received it." *See* Declaration of Andrew Kupinse, dated March 17, 2021, Exhibit 1.[3] Defendants respectfully re-submit that Mr. Pacheco's communications quoted in the Kupinse Declaration, and annexed as Exhibit 1 to the Kupinse Declaration dated March 17, 2021, are admissible as exceptions to the rule against hearsay pursuant to Fed. R. Evid. 803(1) and Fed. R. Evid. 803(3), in addition to invoking the residual exception in Fed. R. Evid. 807. Thus, to alleviate the Court's concern regarding the admissibility of the statements from Mr. Pacheco, the underlying emails referred to are not hearsay—the Kupinse Declaration references email communications between Mr. Kupinse and Mr. Pacheco, which unequivocally explain that Mr. Pacheco diligently searched for but was unable to find the Agreement and did not believe he ever had a copy of the document. *See id.*

We thank the Court for its attention to this matter.

[3] Exhibit 1 is annexed hereto on a redacted basis as it contains sensitive business information and information irrelevant to this action. *See* Declaration of Andrew Kupinse, dated March 17, 2021, at ¶ 6. Nothing related in any way to the agreement is redacted. *Id.* at ¶ 7. If the Court would like to review this document in its entirety, Defendants will provide the document to the Court for *in camera* inspection. *See id.* at ¶ 8.





Respectfully submitted,

Eleanor M. Lackman
Partner of
MITCHELL SILBERBERG & KNUPP LLP

EML/eln

cc: All Counsel of Record (via ECF)