

March 22, 2021

The Honorable Naomi Reice Buchwald
Southern District of New York
500 Pearl Street
New York, NY 10007

>   Re:   Letter Responding to Defendants 3/18/2021 Letter
>         Elliott v. Cartagena et al. - 1:19-cv-01998

Dear Judge Buchwald,

Plaintiff writes to address the letter filed by Defendants detailing their alleged attempts to contact Mr. Elis Pacheco. He incorporates his prior letter of September 14, 2020.

# I. The Best Evidence Rule Cannot be Invoked in this Case

## a. The Best Evidence Rule Requires a Nonspeculative Explanation for the Absence of the Original Document

Defendants have presented an unsigned document to the Court contending that Plaintiff signed the document, but that the original is lost. Defendants seek to have the unsigned document admitted under the Best Evidence Rule. Plaintiff vigorously contests that the unsigned document is the document he signed.[1]

The Best Evidence Rule, as applied to situations such as these, can only be invoked where the party offering the unsigned non original document provides a concrete, credible, and nonspeculative reason for the absence of the document. Schozer v. Wm. Penn Life Ins., 644 NE 2d 1353 (NY 1994). The burden is on the party invoking the Best Evidence rule to explain the original's absence. Id. The more important the document is to the party's defense of the case, the higher the burden to explain the original's absence. Id.

In a New York appellate division case, the plaintiff offered a copy of a signed contract, but not the original. Stathis v. Estate of Donald Karas, 130 AD 3d 1008 (NY App. Div. 2015). The plaintiff stated that the original *may* be have been in the possession of someone who had died. The trial court admitted the copy, but was reversed on appeal. Id. The appellate court held that *speculation* did not allow the invocation of the Best Evidence Rule. Id.

In other words, Defendants in this case have to identify what happened to the original to be able to invoke the Best Evidence Rule. They cannot say "We don't know what happened."

## b. Defendants Do Not Explain what Happened to the Original, and thus Cannot Invoke the Best Evidence Rule

Defendants have not even remotely met their burden to identify what happened to the

---

[1] As explained in the summary judgment opposition, the proffered document is clearly a draft. Defendants have admitted that it is a draft. Doc. No. 156, at ¶25. It has the wrong company listed, it identifies no consideration, and its terms do not even apply to Plaintiff (it identifies plaintiff as having worked for hire, when that term has no applicability to this dispute). Id. ***An admitted draft cannot be used under the Best Evidence Rule.***

280 N. Providence Road · Suite 1 · Media, PA 19063 · T: 215.500.1000 · F: 215.500.1005
Francis@FrancisAlexander.com · www.FrancisAlexander.com

original document, especially considering that they want the whole case dismissed based on the document. Furthermore, because Defendants are moving for summary judgment, any material dispute of fact about what happened *must be construed in Plaintiff's favor*.

The only proffered explanation in Defendants' summary judgment papers for the absence of a signed document was from defendant Cartagena, who speculatively stated: "I believe I may have provided the document to my then-manager, Mr. Elis Pacheco." See Doc No. 131-1, at ¶9.

The Court thus asked Defendants to conduct discovery and contact Pacheco to determine what happened to the original. Defendants' March 18, 2021 letter informs the Court that Pacheco never appeared in response to a subpoena, but that Pacheco told defense counsel on an earlier occasion *he was "100%" sure that he was never given any such document*.

Defendants argue to this court that the original is unavailable, and that therefore the unsigned draft should be used under the Best Evidence Rule. Defendants, however, entirely ignore that they not only have to show unavailability, *but they have to concretely and nonspeculatively explain why the original is unavailable.* Schozer, *supra*; Stathis, *supra*. The fact that defendant Cartagena speculated that he *may* have given the original to Pacheco, but that Defendants admit that Pacheco unequivocally denied ever having been given the original, means that Defendants have given no explanation whatsoever to the Court for the original's unavailability.

Defendants' failure to proffer any explanation for what happened to the original means that the Best Evidence Rule cannot be invoked; this is especially so at summary judgment where disputes of fact are construed in Plaintiff's favor.

**c. Defendants have No Credibility and this is Not the Type of Situation that would Allow Invocation of the Best Evidence Rule Even Assuming the Absence of the Document was Explained**

The Best Evidence Rule is properly invoked where the absence of the original is satisfactorily explained and there are no surrounding indicia of bad faith or a lack of credibility. As Plaintiff's response to summary judgment lays out, the Defendants have acted in bad faith and have at all points taken steps which prejudiced Plaintiff's rights:

- prevented Plaintiff from keeping a copy of the signed document,
- lied to Plaintiff repeatedly about the contents of the deal, before and after it was signed,
- threatened him before and after its signing,
- fraudulently registered the copyright to exclude him as an author, and
- claimed in this lawsuit that Elliott is not an author, despite privately and publicly acknowledging Elliott as an author in 2016.

Doc. No. 155. Defendant Cartagena has also alleged that Moreira prepared *multiple documents* regarding Elliott, but only provided one such document to the court. See Doc. No. 131-1, at ¶4.

Also impeaching the credibility of Fat Joe and his team is the fact, as Plaintiff's motion points out, that he has a history of violence and is a notorious cheat. See Doc. No. 153, at p.12-13; Doc. No. 6, at p.9. He cheats his partners and friends, and *in addition, he has also been convicted of tax evasion*, which seriously impugns his credibility. See "Rapper Fat Joe Sentenced to Four Months in Prison for Failing to File Income Tax Returns On Over $3.3 [Million] in Taxable Income," DEPARTMENT OF JUSTICE (June 24, 2013), https://www.justice.gov/usao-nj/pr/rapper-fat-joe-sentenced-four-months-prison-failing-file-income-tax-returns-over-33.

Any dispute of credibility is a material dispute of fact which must be construed in Plaintiff's favor at summary judgment. Credibility is an issue reserved for the jury.

Defendants should not be allowed to foist a draft document on this Court when they have

caused the original's unavailability and have acted in bad faith at all subsequent times. *The mere fact that they have nonsensically denied Plaintiff's authorship in this lawsuit, and fraudulently excluded him from the copyright registration as an author, is proof of bad faith.*

## II. The Document Does Not Control This Case

Setting aside the Best Evidence Rule, the focus on this document ignores threshold issues which make the current process taking place unnecessary, prejudicial, and dilatory.

### a. The Statute of Frauds Issue Remains Unaddressed and Would Prevent Summary Judgment

One such issue is the statute of frauds argument raised by Plaintiff. The statute of frauds in the Copyright Act, § 204(a), requires a signed document for any transfer of copyright ownership. Parol evidence of the sort introduced by Defendants is not admissible. Plaintiff's response points out that the statute of frauds was inserted by Congress precisely to avoid these types of disputes:

> "[The purpose of § 204(a)] is "to protect authors from those claiming, contrary to the author's view of the facts, that he or she transferred rights in the work." "It imposes a rigid default in favor of letting creators retain their interests in copyrighted work.""
>
> Estate of Shaw v. Marcus, No. 7: 14-cv-3849 (NSR) (S.D.N.Y. Sept. 22, 2015) (quoting 2 Patry on Copyright § 5:106) (citing Tjeknavorian v. Mardirossian, 56 F. Supp. 3d 561, 565 (S.D.N.Y. 2014))

Plaintiff's Response to SJ, at p.16-17 (Doc. No. 151). Deciding these issues is necessary and, if Plaintiff's arguments are credited, would prevent the unsigned document from being used or credited as a way to grant summary judgment.

### b. Plaintiff has Numerous Claims which Invalidate the Alleged Agreement, or are Independent of the Agreement

Plaintiff has adequately pled many arguments and claims which would invalidate the contract—*even if a signed document existed*. See Plaintiff's Response to SJ, at p.7-22 (Doc. No. 151). The success of these arguments and claims does not turn on the authenticity of the document in question, and include:

- breach of fiduciary duties,
- fraud in the inducement,
- lack of consideration,
- illusory consideration, and
- declaration of copyright authorship.

## III. Conclusion

Defendants' letter indicates that they cannot satisfy their burden under the Best Evidence Rule. They have absolutely no explanation for what happened to the original. In addition, Plaintiff has numerous arguments which the Court has not addressed, which would invalidate the alleged agreement or stand independent of the alleged agreement even if it is valid.

This case was filed over two years ago. It has since then sat in limbo while one-sided discovery takes place on a narrow issue which will not even dispositively decide the case. Plaintiff

PAGE 4

respectfully asks that the case expeditiously move forward to the discovery phase.[2]

Respectfully, I am,

Francis Malofiy, Esquire

Cc: *All counsel of record*

---

[2] By no means does this letter fully detail Plaintiff's arguments and opposition to Defendants' summary judgment, nor should it be construed as intending to do so. Plaintiff is merely illustrating why he opposes the current posture of the case, the current discovery, and the arguments in Defendants' letter. Plaintiff incorporates by reference all arguments and objections made in his summary judgment response filings. See Doc. Nos. 151-58. If and when Defendants file another motion for summary judgment, Plaintiff will oppose it in full there.