UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ERIC A. ELLIOTT (p/k/a FLY HAVANA), </br></br> v. </br></br> JOSEPH ANTHONY CARTAGENA, (p/k/a FAT JOE), *et al.*, </br> Plaintiff. | Case No.: 1:19-cv-01998 (NRB) </br></br> **PLAINTIFF'S RESPONSE TO DEFENDANTS' SUPPLEMENTAL STATEMENT OF UNDISPUTED FACTS IN OPPOSITION TO MOTION FOR <u>SUMMARY JUDGMENT</u>** |

### Plaintiff Eric Elliott's Response in Opposition to Defendants' Supplemental Statement of Undisputed Facts

Plaintiff Eric Elliott hereby responds in opposition to Defendants' supplemental statement of undisputed facts:

32. After diligent searches, the parties are not in possession of the signed Agreement at issue. Compl. ¶ 54; Elliot Decl., ¶ 2; Cartagena Decl. ¶ 9; Moreira Decl., ¶¶ 8-9; *supra*, ¶¶ 33-38.

   a. **Response**: Denied in part, admitted in part. It is admitted that Plaintiff was never in possession of the signed Agreement. It is denied that Defendants are not in the possession of the signed agreement because Plaintiff has had no opportunity to cross examine or conduct discovery on this matter. Doc. No. 153, at p.5-6. Defendant Cartagena has provided one speculative assertion about what might have happened to the document, which Defendants' own supplemental memo states was untrue. Defendants have provided nothing satisfactorily explaining the absence of the original signed document, nor anything about the chain of custody or where the document was kept, the last time it was seen, or when it was

transferred. Even Defendants' description of his alleged search for the document is extremely perfunctory and conclusory. See Doc. No. 131-1, at ¶9.

b. Furthermore, defendant Cartagena's own declaration indicates that his attorney, Erica Moreira, prepared multiple documents for him regarding Plaintiff in March 2016. See Doc. No. 131-1, at ¶4. Defendant has never produced those other documents to Plaintiff or the court.

33. On or about March 5, 2019, Andrew Kupinse ("Kupinse"), one of Mr. Cartagena's attorneys since 2016, reached out to Mr. Pacheco in efforts to locate a copy of the Agreement signed by Plaintiff. *See* ECF Doc. No. 161, ¶ 6; *see also* Declaration of Andrew Kupinse, dated March 17, 2021 ("March 17 Kupinse Decl."), Exhibit A.

a. **Response**: Denied as after reasonable investigation Plaintiff can neither confirm nor deny the averment.

34. **Mr. Pacheco stated that he was initially "99.9%" and then after further search, "100% sure" that he "was never in possession of the Work for Hire agreement" and "sure [that he] never received it."** *See* ECF Doc. No. 161, ¶¶ 7-10; March 17 Kupinse Decl., Exhibit A.

a. **Response**: Denied as stated. The agreement was not a "work for hire" agreement. Mr. Elliott never worked for hire, and songs cannot be made as work for hire. By way of further response, denied as after reasonable investigation Plaintiff can neither confirm nor deny the averment.

b. Furthermore, Plaintiff objects to the hearsay statement. However, it should be noted that Mr. Cartagena's only explanation for where the signed document could be was that he "may" have given it to Mr. Pacheco. That Mr. Pacheco allegedly said he was never given it means

that defendant Cartagena has not adduced a single fact explaining what happened to the document.

35.     Nevertheless, pursuant to this Court's Order dated July 31, 2020 (ECF Doc. No. 166), Defendants endeavored to locate the only remaining individual who may possess a signed    copy of the Agreement. Defendants first sought to obtain evidence from Mr. Pacheco through  informal means, but was unsuccessful. *See* Declaration of Elaine Nguyen, dated April 12, 2021  ("Nguyen Decl."), ¶ 3.

   a. **Response**: Plaintiff has no knowledge of the efforts made to contact Pacheco in 2020, but the rest of the averment is denied. Defendants' claim that Pacheco is "the only remaining individual who may possess a signed copy of the Agreement" makes it falsely appear as there were other people identified who had it. Defendant Cartagena offered a single speculative explanation of what "may" have happened to the signed document, that he gave it to Pacheco. See Doc. No. 131-1, at ¶9. He offered no specificity whatsoever as to where the signed document was kept, how it was kept, the last time it was seen, who has seen it, or any other persons he could have provided it to. Furthermore, defendant Cartagena misled the Court when he stated: "I understand that [Pacheco] indicated he was unable to locate a signed copy of the Agreement." Id. In fact, Pacheco stated that he was 100% sure he was never given the copy. Even knowing that Pacheco was never given the signed Agreement, defendant Cartagena failed to provide this court with any other facts regarding the signed document. Indeed, even his description of his alleged search for the document is extremely perfunctory and conclusory.

36. Defendants then sought to serve Mr. Pacheco utilizing various professionals to locate and serve him. Defendants attempted to serve Mr. Pacheco with multiple subpoenas, dated August 24, 2020, September 1, 2020, October 19, 2020, and December 16, 2020. Each attempt was unsuccessful. Nguyen Decl. at ¶¶ 4-13.

    a. **Response**: Denied as after reasonable investigation Plaintiff can neither confirm nor deny the averment.

37. Defendants then requested leave to file a motion for alternative service, which was granted. ECF Doc. No. 175, 176. Defendants proceeded with alternative service by serving Mr. Pacheco through: (1) regular mail and certified mail at the addresses known to be his; (2) his business email where Mr. Kupinse was previously successful in communicating with Mr. Pacheco in 2019; and (3) the social media platform Facebook, where Pacheco was noted to have been recently active. Nguyen Decl. ¶14.

    a. **Response**: Admitted.

38. Defendants proceeded with alternative service but were unable to obtain evidence directly from Mr. Pacheco. Nguyen Decl. ¶¶14-19. Mr. Pacheco did not produce any documents pursuant to the Subpoena, did not appear for his deposition, and did not otherwise respond to any of the issued subpoenas. *Id.* at ¶ 20.

    a. **Response**: Admitted.

*****

*Respectfully submitted,*
FRANCIS ALEXANDER, LLC
*/s/ Francis Malofiy*
*/s/ AJ Fluehr*
Francis Malofiy, Esquire
Alfred J. Fluehr, Esquire
*Admitted Pro Hace Vice*
280 N. Providence Road | Suite 1
Media, PA 19063
T: (215) 500-1000
F: (215) 500-1005
*Law Firm / Lawyers for Plaintiff*
*/d/ April 26, 2021*