

## LAW FIRM
# FRANCIS ALEXANDER LLC

April 26, 2021

The Honorable Naomi Reice Buchwald
Southern District of New York
500 Pearl Street
New York, NY 10007

**Re:    LETTER SUMMARIZING SUPP. RESPONSE OPPOSING MSJ**
<u>Elliott v. Cartagena et al.</u> - 1:19-cv-01998

Dear Judge Buchwald,

Plaintiff submits this letter summarizing his supplemental response in opposition to Defendants' motion. The essence of the argument is that (1) the Best Evidence Rule cannot be invoked for the "draft agreement" because the unavailability of the original is unexplained and because it is an admitted "draft," (2) even if the "draft agreement" is admissible, it is invalid for lack of consideration, and (3) Plaintiff has outstanding claims for fraud in the inducement and breach of fiduciary duties which prevent summary judgment.

Oral argument is requested.

## I.    THE BEST EVIDENCE RULE CANNOT BE INVOKED IN THIS CASE

### a.    The Best Evidence Rule Requires a Nonspeculative Explanation for the Absence of the Original Document, and an Accurate and Complete Copy of the Original

Defendants have presented an unsigned "draft agreement" to the Court contending that Plaintiff signed the document, but that the original is lost. Defendants seek to have the "draft agreement" admitted under the Best Evidence Rule. Plaintiff vigorously contests that the draft is the document he signed.[1]

The Best Evidence Rule, as applied to situations such as these, can only be invoked where the party offering the unsigned non original document provides a concrete, credible, and nonspeculative reason for the absence of the document. <u>Schozer v. Wm. Penn Life Ins.</u>, 644 NE 2d 1353 (NY 1994). The burden is on the party invoking the Best Evidence rule to explain the original's absence. <u>Id.</u> The more important the document is to the party's defense of the case, the higher the burden to explain the original's absence. <u>Id.</u>

In a New York appellate division case, the plaintiff offered a copy of a signed contract, but not the original. <u>Stathis v. Estate of Donald Karas</u>, 130 AD 3d 1008 (NY App. Div. 2015). The plaintiff stated that the original ***may*** be have been in the possession of someone who had died or their relative. The trial court admitted the copy, but was reversed on appeal. <u>Id.</u> The appellate

---

[1] As explained in the summary judgment opposition, the proffered document is clearly a draft. Defendants have admitted that it is a draft. Doc. No. 156, at ¶25. It has the wrong company listed, it identifies no consideration, and its terms do not even apply to Plaintiff (it identifies plaintiff as having worked for hire, when that term has no applicability to this dispute). <u>Id.</u> ***An admitted draft cannot be used under the Best Evidence Rule.***

court held that *speculation* did not allow the invocation of the Best Evidence Rule and that an actual explanation of what happened with the document was required. Id.

In other words, Defendants in this case have to identify what happened to the original to be able to invoke the Best Evidence Rule. They cannot say "We don't know what happened."

Defendants have not even remotely met their burden to identify what happened to the original document, especially considering that they want the whole case dismissed based on the document. Furthermore, because Defendants are moving for summary judgment, any material dispute of fact about what happened *must be construed in Plaintiff's favor*.

The only proffered explanation in Defendants' summary judgment papers for the absence of a signed document was from defendant Cartagena, who speculatively stated: "I believe I may have provided the document to my then-manager, Mr. Elis Pacheco." See Doc No. 131-1, at ¶9.

The Court thus asked Defendants to conduct discovery and contact Pacheco to determine what happened to the original. Defendants' supplemental brief informs the Court that Pacheco never appeared in response to a subpoena, but that Pacheco told defense counsel on an earlier occasion *he was "100%" sure that he was never given any such document*.

Defendants' failure to proffer any explanation for what happened to the original means that the Best Evidence Rule cannot be invoked; this is especially so at summary judgment where disputes of fact are construed in Plaintiff's favor. Moreover, a *draft* agreement cannot be admitted to accurately and completely prove the content of an unavailable original.

**b.    Defendants have No Credibility and this is Not the Type of Situation that would Allow Invocation of the Best Evidence Rule Even Assuming the Absence of the Document was Explained**

The Best Evidence Rule is properly invoked where the absence of the original is satisfactorily explained and there are no surrounding indicia of bad faith or a lack of credibility. As Plaintiff's response to summary judgment lays out, the Defendants have acted in bad faith and have at all points taken steps which prejudiced Plaintiff's rights:

- prevented Plaintiff from keeping a copy of the signed document,
- lied to Plaintiff repeatedly about the contents of the deal, before and after it was signed,
- threatened him before and after its signing,
- fraudulently registered the copyright to exclude him as an author, and
- claimed in this lawsuit that Elliott is not an author, despite privately and publicly acknowledging Elliott as an author in 2016.

Doc. No. 155. Defendant Cartagena has also alleged that Erica Moreira prepared *multiple documents* regarding Elliott, but only provided one such document to the court. See Doc. No. 131-1, at ¶4.

Also impeaching the credibility of Fat Joe and his team is the fact, as Plaintiff's motion points out, that he has a history of violence and is a notorious cheat. See Doc. No. 153, at p.12-13; Doc. No. 6, at p.9. He cheats his partners and friends, and *in addition, he has also been convicted of tax evasion*, which seriously impugns his credibility. See "Rapper Fat Joe Sentenced to Four Months in Prison for Failing to File Income Tax Returns On Over $3.3 [Million] in Taxable Income," DEPARTMENT OF JUSTICE (June 24, 2013), https://www.justice.gov/usao-nj/pr/rapper-fat-joe-sentenced-four-months-prison-failing-file-income-tax-returns-over-33.

Any dispute of credibility is a material dispute of fact which must be construed in Plaintiff's favor at summary judgment, especially where there are pending fraud claims.

Defendants should not be allowed to foist a draft document on this Court when they have caused the original's unavailability and have acted in bad faith at all subsequent times. ***The mere fact that they have nonsensically denied Plaintiff's authorship in this lawsuit, and fraudulently excluded him from the copyright registration as an author, is proof of bad faith.***

## II.   EVEN IF THE "DRAFT AGREEMENT" IS ADMITTED, IT IS INVALID FOR LACK OF CONSIDERATION

Defendants are in Catch-22 which prevents this case from being dismissed. Even if the "draft agreement" is admitted under the Best Evidence Rule, then it has to be determined whether there is consideration and the contract is valid. A contract without consideration is not a contract and is invalid. See Doc. No. 151, p.20-21.

As Plaintiff's initial motion response pointed out, absolutely no consideration for Plaintiff is identified on the face of the agreement and, as the agreement is integrated and has a merger clause, no parol evidence of consideration is admissible. Ungerleider v. Gordon, 214 F. 3d 1279 (11th Cir. 2000). The document is invalid for lack of consideration.

Thus, there is no possible pathway for Defendants to use the "draft agreement" to dismiss the claims at summary judgment as it is either inadmissible or a nullity.

## III.   DEFENDANTS' FRAUD ARGUMENTS ARE IMPROPER AND WRONG

Defendants did not move for summary judgment on the fraud in the inducement claim. However, in their supplemental memo, without permission, Defendants now attempt to claim that Plaintiff's fraud in the inducement claims can be dismissed.

The gist of Defendants' argument is that where a plaintiff alleges misrepresentations were made to him, and the contract itself contradicts those misrepresentations and has a merger clause, a fraud claim will not allowed. See Doc. No. 184-11, at p.12-14. Plaintiff has alleged that, among other things, defendant Cartagena fraudulently told him that more money would be provided on an ongoing basis as the song earned money, that he was going to be credited as a writer, and that Cartagena was going to work with Plaintiff to break his music career. Doc. No. 151, at p.14-15.

The problem for Defendants is that the "draft agreement" they want admitted identifies ***no consideration*** whatsoever for Plaintiff. Not only does the lack of consideration make the so-called contract invalid, but it also means that nothing in the so-called contract contradicts what Plaintiff was fraudulently told by Cartagena, before it was signed, to induce his signing.

Thus, Defendants' legal attempt to undermine the fraud claims falls flat, and serves to illustrate just how defectively this "draft agreement" was drafted. As the fraud in the inducement and breach of fiduciary duty claims are still pending—and invalidate the "draft agreement" to the extent it is admitted—summary judgment is inappropriate.

## IV.   THE STATUTE OF FRAUDS ARGUMENT

Plaintiff has also made a statute of frauds argument, noting that the Copyright Act has imposed a rigid default in favor of requiring signed assignments. There is no need to reiterate that argument here at length as it has already been well-briefed. Plaintiff does additionally note, however, that the same arguments which militate against applying the Best Evidence Rule also make it clear that the Statute of Frauds requires a signed original document in this instance.

## V.   CONCLUSION

Defendants' supplemental brief indicates that they cannot satisfy their burden under the

Best Evidence Rule. They have absolutely no explanation for what happened to the original. Furthermore, even if the draft agreement is admitted, it is invalid for lack of consideration and illusory consideration.

In addition to the consideration arguments, Plaintiff has numerous arguments which the Court has not addressed which stand alone, or would invalidate the alleged agreement, and on which Defendants have not moved for summary judgment.

Respectfully, I am,

Francis Malofiy, Esquire
    Cc: *All counsel of record*