

**MITCHELL SILBERBERG & KNUPP LLP**
A LAW PARTNERSHIP INCLUDING PROFESSIONAL CORPORATIONS

Eleanor M. Lackman
Partner
(212) 878-4890 Phone
(917) 546-7675 Fax
eml@msk.com

August 26, 2025

**VIA ECF ONLY**

Hon. Naomi Reice Buchwald, U.S.D.J.
Daniel Patrick Moynihan United States Courthouse
Southern District of New York
500 Pearl Street, Courtroom 21A
New York, New York 10007

*ENDORSEMENT*

*The parties should adhere to plaintiff's proposed schedule.*

*Naomi Reice Buchwald,*

*USDJ*

*9/4/25*

Re:    Eric Elliott (p/k/a "Fly Havana") v. Joseph Anthony Cartagena (p/k/a "Fat Joe"), et al., Case No. 1:19-cv-01998 (NRB); Joint Letter Regarding Schedule

Dear Judge Buchwald:

Counsel for plaintiff Eric Elliott ("Plaintiff") and for defendants Joseph Anthony Cartagena (p/k/a/ "Fat Joe"); Reminisce Smith Mackie (p/k/a "Remy Ma"); Joey and Ryan Music; Remynisce Music; Sneaker Addict Touring LLC; Terror Squad Productions, Inc.; Terror Squad Entertainment; RNG (Rap's New Generation); Warner Chappell Music, Inc.; and Warner-Tamerlane Publishing Corp. (collectively, "Defendants") respectfully submit this joint letter in response to Your Honor's letter (ECF No. 244) directing the parties to confer and submit a new proposed schedule.

The parties recognize the Court's view on bifurcation of liability and discovery and agree on a proposed date for fact and discovery on liability to close. They also recognize that answers to the First Amended Complaint, filed March 14, 2024 ("FAC") and subject to the motion to dismiss that was granted in part (ECF No. 205, 206-1), have not yet been filed. The parties agree on the date for Defendants to answer the FAC with respect to the four claims that were not dismissed.

The parties, however, disagree as to how discovery should be structured. Defendants want liability discovery done in stages, while Plaintiff believes this is impracticable and that there should be one liability discovery period and one set of dipositive motions.

Defendants contend that liability discovery should be staged in a way to focus initially on the "piece of paper" and the check, as set forth in the Court's order of February 13, 2025 (ECF No. 228) and letter of March 3, 2025 (ECF No. 234), and that Defendants be given leave to submit a letter pursuant to the Court's Individual Practice 2.B. if Defendants believe that the issues identified by the Second Circuit resulting in the remand of the Court's order on the prior summary judgment motion are sufficiently addressed. In particular, the Court indicated: "the focus at the outset of discovery should be on issues related to the 'piece of paper[,]' as plaintiff describes it, and the 'contract[,]' as defendants describe it, as well as the related $5,000 payment."

437 Madison Ave., 25th Floor, New York, New York 10022-7001
Phone: (212) 509-3900 Fax: (212) 509-7239 Website: www.msk.com

20979544.2



Hon. Naomi Reice Buchwald, U.S.D.J.
August 26, 2025
Page 2

(ECF No. 228, at 51).[1] This opinion was wise and well-founded: "there is a potentially dispositive issue here -- whether plaintiff signed away all of his rights and whether any such assignment precludes all of plaintiff's potential claims." (ECF No. 234, at 2). Given that other than Plaintiff himself, the witnesses to the transaction involving the "piece of paper" will not overlap with those who had knowledge of the alleged involvement of Plaintiff with the creation of the claimed "first recording," it serves judicial economy and saves resources to proceed with a staged schedule.[2] To the extent that any party has knowledge of facts pertaining to the "piece of paper" and the creation of the track, the parties may reserve time remaining from the seven hours of deposition time to the creation issues, on which Counts I-IV center. If Defendants do not submit a pre-motion letter request or do not revive their summary judgment motion at the close of the first phase, remaining discovery on liability may commence.

Plaintiff disagrees. The parties already briefed their positions on the proper way to stage discovery after the Court's prior orders ECF Nos. 228 and 234. Defendants wanted an initial strict focus of discovery just on the "piece of paper." Plaintiff pointed out that it is not practicably possible to antiseptically separate out discovery on the "piece of paper," that full liability discovery is necessary to address the validity and effect of the "piece of paper," and that some claims were independent of the "piece of paper." Plaintiff also wanted damages discovery conducted.[3]

After considering the opposing arguments, the Court picked its own course. It stated that it wanted liability discovery done first, to be followed by dispositive motions if appropriate. ECF. No. 244. It did not ask for the complicated and impracticable schedule proposed below by Defendants, purporting to initially focus on discovery regarding the "piece of paper." It makes far more sense to conduct discovery on all liability issues and then have one set of dispositive motions.

---

[1] Defendants note that the Court's comment regarding the focus of discovery was the basis for Plaintiff's petition for a writ of mandamus, which the Second Circuit denied.

[2] Defendants' read of Plaintiff's allegations is that he recorded a "draft" of the final released track during a period on a single day in 2015. He indicates that he did not assert any claims as to the released track until confronting defendant Cartagena several months later, and that Cartagena did not know Plaintiff, much less accept that he was involved. A review of Plaintiff's telling of the facts indicates that Cartagena obtained an agreement to quickly dispose of a "nuisance claim" from a party who had sent several threatening messages about some unidentified purported role in a song in which nobody involved indicated Plaintiff's involvement. As the record shows, Mr. Pacheco obtained a copy of Plaintiff's driver's license to assist with the drafting of the release that Plaintiff regrets signing.

[3] Plaintiff also disagrees with Defendants' footnote 2, above. The Complaint alleges that he and defendant Shandel Green co-authored and co-recorded the initial version of "All the Way Up" during a a single day in 2015 at Circle House Studio. Plaintiff contends the actual sound recording from the initial session, which was linked to in the complaint, appears on the final released track bearing Fat Joe's name, as well as significant parts of the composition (music and lyrics). Immediately after learning that Fat Joe/Cartagena was actually releasing the song several months later, Plaintiff confronted defendant Cartagena; Cartagena claimed he did not know about Plaintiff's involvement, but later acknowledged Plaintiff's writing contributions. This is also confirmed by the Declaration of Elis Pacheco, Fat Joe's then manager.

20979544.2

 msk

Hon. Naomi Reice Buchwald, U.S.D.J.
August 26, 2025
Page 3

The parties submit the following chart to help the Court assess the parties' respective proposals:

| Event | Plaintiff's Proposal | Defendants' proposal |
|---|---|---|
| Answer to FAC due | September 15, 2025 | September 15, 2025 |
| Close of fact discovery on "piece of paper" and $5000 check | Part of single-stage liability discovery | January 9, 2026; pre-motion letter due on January 16, 2026 |
| Close of fact discovery on liability as to Counts I-IV (remaining claims) | April 10, 2026; | April 10, 2026, to be stayed if any pre-motion letter is filed on January 16, 2026; parties may file pre-motion letters one week after the deadline either at this stage or after expert discovery (if any) |
| Expert initial disclosures | April 27, 2026; parties may file pre-motion letters one week after this deadline, or sooner if they desire | April 27, 2026 |
| Rebuttal expert disclosures | May 29, 2026 | May 29, 2026 |
| Expert discovery closes | June 15, 2026 | June 15, 2026 |

The parties thank the Court for its consideration of their request.


Respectfully submitted,

Eleanor M. Lackman

cc:    All Counsel of Record (via ECF)

20979544.2