```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------X
ERIC A. ELLIOT (p/k/a FLY HAVANA),

                              Plaintiff,           **ORDER**

                  - against -                 19 civ. 1998 (NRB)

JOSEPH ANTHONY CARTAGENA (p/k/a FAT JOE),
et al.,

                              Defendants.
-------------------------------------------X
```

**NAOMI REICE BUCHWALD**
**UNITED STATES DISTRICT JUDGE**

**WHEREAS**, on April 24, 2026, defendants JOSEPH ANTHONY CARTAGENA, REMINISCE SMITH MACKIE, JOEY AND RYAN MUSIC, REMYNISCE MUSIC, SNEAKER ADDICT TOURING LLC, TERROR SQUAD PRODUCTIONS, INC., TERROR SQUAD ENTERTAINMENT, RNG (RAP'S NEW GENERATION), WARNER CHAPPELL MUSIC, INC., and WARNER-TAMERLANE PUBLISHING CORP. (collectively, the "Cartagena Defendants") filed a letter motion requesting the Court's permission to serve subpoenas for documents and deposition testimony upon non-party ELIS PACHECO ("Pacheco") by alternative means, specifically by serving Pacheco via (1) regular mail and certified mail at the addresses known to be his; (2) his business email; (3) Pacheco's social media accounts; (4) Pacheco's cell phone number; and (5) through Pacheco's criminal defense attorney.  ECF No. 258; and

**WHEREAS**, on May 8, 2026, plaintiff Eric Elliot ("plaintiff") filed a letter stating that "[p]laintiff has no objection to

1

alternative service by mail or electronic means, but does not believe that alternative service can be ordered through an attorney that does not represent the witness in that particular matter[,]" ECF No. 296 at 2; and

WHEREAS, on January 30, 2026, the Court entered an order granting defendants leave to serve Pacheco by alternative means under similar circumstances, ECF No. 259; and

WHEREAS, the Court's January 30, 2026 Order was subsequently "withdrawn without prejudice to a renewed application following a showing of recent and unsuccessful efforts by defendants to serve non-party witness Elis Pacheco by traditional means."  ECF No. 262; and

WHEREAS, the Court is satisfied that the Cartagena Defendants have made diligent efforts to serve Pacheco by traditional means since the withdrawal of the Court's January 30, 2026 Order, see ECF No. 283 at 1-2, and that the following methods of alternative service are reasonably designed to ensure that Pacheco receives the Cartagena Defendants' subpoena; and

WHEREAS, courts in this district "have authorized alternative service that is reasonable designed to ensure that a witness actually receives a subpoena," after the party seeking leave to serve by alternative means "demonstrate[s] a prior diligent attempt to personally serve" the witness.  Sec. & Exch. Comm'n v.

2

Pence, 322 F.R.D. 450, 454 (S.D.N.Y. 2017) (quoting Kenyon v. Simon & Schuster, Inc., 2016 WL 5930265, at *2 (S.D.N.Y. Oct. 11, 2016); and

**WHEREAS**, the Court does not believe that service through Pacheco's criminal defense attorney is necessary at this time; it is hereby

**ORDERED**, that the Cartagena Defendants are granted leave to serve Pacheco by alternative means, namely by serving him through: (1) regular mail and certified mail at the addresses known to be his; (2) his business email; (3) his social media accounts; and (4) his cell phone number; and it is further

**ORDERED**, that the Cartagena Defendants' request to serve Pacheco through his criminal defense attorney is denied without prejudice.

Dated:    May 15, 2026
          New York, New York

_____
NAOMI REICE BUCHWALD
UNITED STATES DISTRICT JUDGE

3