UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
ERIC A. ELLIOT (p/k/a FLY HAVANA),

Plaintiff,

**MEMORANDUM AND ORDER**

- against -

19-cv-1998 (NRB)

JOSEPH ANTHONY CARTAGENA (p/k/a FAT JOE), et al.,

Defendants.
----------------------------------------X

**NAOMI REICE BUCHWALD**
**UNITED STATES DISTRICT JUDGE**

Presently before the Court are numerous discovery disputes brought by parties on both sides of this litigation.[1] Having reviewed the parties' letters, the Court rules as follows.[2]

## I. Defendants' Subpoena Served on Francis Alexander

We begin with the Cartagena Defendants'[3] motion to compel plaintiff's counsel, Francis Alexander LLC to produce documents responsive to a subpoena served on it by defendants relating primarily to Francis Alexander LLC's interactions with non-party Elis Pacheco. ECF Nos. 310, 330, 338.

Since the parties have filed their respective letters on this issue, Elis Pacheco has been deposed. As a result, there is a

[1] ECF Nos. 310-17, 323-30, 332-34, 338-40.

[2] We assume the parties' familiarity with the facts of this case and the letters recounting the instant disputes. Accordingly, throughout this order, we repeat only the background necessary to place the Court's rulings in context.

[3] Except as otherwise defined herein, capitalized terms have the same meanings as ascribed to them in the parties' letters.

reasonable possibility that Pacheco's testimony may have mooted this issue. If that is not the case, defendants should submit a supplemental letter setting forth the additional discovery they seek.

## II. **Defendants' Motion to Compel Additional Document Productions from Plaintiff**

The Cartagena Defendants' move to compel plaintiff's production of certain documents responsive to the Cartagena Defendants' discovery requests following plaintiff's deposition, at which plaintiff testified that he did not search certain sources, including email and text messages, for documents and referenced certain documents that had not been produced. ECF Nos. 311, 329, 339.

The Court hereby grants the relief that defendants seek and orders that plaintiff: (1) conduct a complete search of emails, text messages, social media accounts, devices, and all other known repositories of documents and communications for material responsive to defendants' discovery requests; and (2) provide a declaration detailing his search efforts, including but not limited to, the accounts and devices searched, keywords used during that search, and the date range(s) for which documents were searched.

If this search reveals significant additional documents that are produced to defendants, defendants may conduct a second

deposition of plaintiff limited to questions on any late-produced documents.

Finally, defendants' letters allege that plaintiff "appears to have spoliated evidence" and request that plaintiff be compelled to "identify each lost or destroyed document as completely as possible, including its nature, author, recipient, date, and – if destroyed – the circumstances, reasons, and persons responsible for its destruction." ECF No. 311 at 2. The Court grants this request, and plaintiff is hereby ordered to provide defendants with the requested information with respect to any lost or destroyed document that was subject to a discovery request.[4]

### III. Defendants' Motion to Compel the Production of Documents Withheld on the Basis of Timeliness

The Cartagena Defendants also move to compel the production of all documents responsive to their discovery demands that were withheld by plaintiff on the basis of objections that they assert were waived by (1) plaintiff's "failure to timely assert such objections; and (2) his failure to provide a privilege log." ECF No. 312 at 1; see also ECF Nos. 312, 340.

The Court declines to conclude that all of plaintiff's objections have been waived as untimely. However, plaintiff shall,

[4] Defendants' letters do not request spoliation sanctions at this time, nor would the Court rule on such a request without the benefit of full briefing on the issue. However, once the record is clear on what, if anything, has been spoliated, defendants may seek leave to file a formal motion for spoliation sanctions if such motion is warranted.

to the extent he has not already, produce a privilege log. Pursuant to the parties' agreement,[5] and this Court's general practice, documents created after the filing of this litigation need not be included on the privilege log, except that any communications between counsel and plaintiff concerning the creation, existence, retention, or disposal of the original copy of the song at issue allegedly created by plaintiff in 2015 must be included on the privilege log regardless of the date of the communication.

## IV. Plaintiff's Motion to Compel the Production of Unredacted Documents

Turning to plaintiff's motions, plaintiff first requests that the Court "compel the Cartagena Defendants to produce unredacted copies of" two emails sent on March 6 and 7, 2016, "or submit them for in camera review." ECF No. 313; see also ECF Nos. 323, 332.

The Court will review unredacted copies of these documents in camera. Accordingly, defendants shall promptly submit the documents to the Court ex parte via email. Defendants may concurrently submit a document explaining the asserted basis for the redactions.

[5] The parties' letters recount that they have agreed that they do not generally need to produce a privilege log for documents and communications created after this litigation was filed. See e.g., ECF Nos. 316 at 2 (requesting a privilege log for communications "from January 1, 2025 to March 4, 2019," the date this lawsuit was filed); 326 at 2 ("Months ago, the parties agreed as part of their discovery protocol that no privileged or work-product communications as of the date of the filing of the lawsuit, on March 4, 2019, would be logged.").

## V. Plaintiff's Motion to Compel the Production of Native Files

Plaintiff next requests that the court "compel the Cartagena Defendants to produce native digital files of the alleged 2016 agreement and related emails." ECF No. 314. According to defendants' opposition to this motion, ECF No. 326, this issue is now moot. Plaintiff has not indicated any disagreement with that conclusion. Accordingly, plaintiff's motion is denied as moot.

## VI. Plaintiff's Motion to Compel Discovery from Defendants Davadi and Kharbouch

Plaintiff also requests that Defendant Edward F. Davadi, Jr. ("Davadi") and the Kharbouch Defendants be compelled to respond to plaintiff's discovery requests, produce documents, and sit for depositions. ECF Nos. 315, 327. Davadi was initially represented by counsel whose application to withdraw was granted after Davadi ceased communicating with him. See ECF No. 304. While Davadi appeared in this action and answered the Amended Complaint, ECF No. 252, he has not responded to plaintiff's discovery requests. Davadi, as an individual, may proceed pro se, but that status does not relieve him of the obligation to respond to proper discovery requests. Davadi is hereby informed that a failure to respond to appropriate discovery requests will have consequences. Accordingly, Davadi is given another 20 days to answer plaintiff's discovery requests and is ordered to appear for a deposition on a schedule arrived at between the parties.

The Kharbouch Defendants, on the other hand have responded to plaintiff's discovery requests, but they purportedly did so "with untailored blanket objections, and under every request the same boilerplate [response.]" ECF No. 315 at 1. The Kharbouch Defendants' counsel's response to plaintiff's application asserts that "no responsive documents were located following a reasonable search." ECF No. 327 at 1. To put this issue at rest, counsel for the Kharbouch Defendants is directed to confirm within two weeks, once again, that a diligent search has been completed and yielded no responsive documents. If plaintiff is determined to depose the Kharbouch Defendants, counsel should confer and agree on a date for the depositions within the next 30 days.[6]

**VII. Plaintiff's Motion to Compel Communications Between Defendants**

Plaintiff also "moves to compel the Cartagena and Mackie Defendants, Kharbouch Defendants, Green, and Davadi to produce communications with each other." ECF No 316 at 1; see also ECF Nos. 324, 333. The Cartagena Defendants object to plaintiff's request on the basis of the joint defense privilege. ECF No. 324.

[6] The Court rejects the Kharbouch Defendants' argument that plaintiff's requests are untimely because "discovery has been closed for . . . months now and Plaintiff's belated effort to compel is extremely tardy and untimely." ECF No. 327 at 1. The Court has already informed the parties that "the Court will grant a reasonable extension to . . . discovery-related deadlines" in light of the pending discovery disputes. ECF No. 293 at 2; see also infra p. 9. As such, the Kharbouch Defendants' argument is meritless.

The joint defense privilege, frequently referred to as the common interest doctrine, "is an exception to the general rule that voluntary disclosure of confidential, privileged material to a third party waives any applicable privilege." HSH Nordbank AG New York Branch v. Swerdlow, 259 F.R.D. 64, 71 (S.D.N.Y. July 24, 2009) (internal quotation marks omitted). Unrepresented parties can benefit from the common interest doctrine. See id. ("[D]efendants argue that the [common interest] doctrine 'does not extend to communication between the first party or its attorneys and the third parties directly,' but only to communications between a first party and counsel for one or more third parties . . . This position is meritless[.]"); U.S. v. Hatfield, 2010 WL 183522, at *5 (E.D.N.Y. Jan. 8, 2010) ("[A]s joint defense agreements exist between the parties, not the attorneys, unrepresented individuals can enter into and benefit from these kind of agreements."). However, the common interest privilege "does not . . . provide an independent source of privilege or confidentiality." Nordbank, 29 F.R.D. at 71 (internal quotation marks omitted). As such, "where the underlying communication is not protected by the attorney-client privilege or the attorney work-product doctrine, the common interest doctrine does not apply." Id. (internal quotation marks omitted).

Given defendants' assertion of the joint defense privilege, the Court declines to order the production of all communications

between the defendants. However, consistent with the Court's other rulings, defendants must each identify any documents that are being withheld based on the common interest doctrine that were created prior to the filing of this litigation. Further, because the common interest doctrine "does not apply" "where the underlying communication is not protected by the attorney-client privilege or attorney work-product doctrine," defendants may not withhold documents or communications on the basis of the joint defense or common interest privilege merely because they were exchanged between defendants. Any withheld communications must, in the first instance, have been privileged on grounds other than the common interest doctrine for the communications to be privileged.[7]

To be clear, the Court's discussion of the joint defense privilege herein is not intended to preclude deposition questioning about non-privileged conversations between defendants.

## VIII. Plaintiff's Motion to Compel Audio and Songwriting Materials

Finally, voicing dissatisfaction with the Cartagena defendants' prior denials of certain discovery requests, plaintiff moves to compel the production of audio and songwriting materials. ECF Nos. 317, 325, 334. The Cartagena Defendants' recent letter, ECF No. 346, appears to moot plaintiff's motion in that it recites

[7] For the avoidance of doubt, we add that communications between the defendants that are unrelated and irrelevant to this lawsuit need not be produced or privilege logged.

an extended effort to locate responsive files. If the Court's understanding of counsel's letter is incorrect, plaintiff's counsel may file an additional submission setting forth plaintiff's position on whether additional searches are still required.

**IX. Discovery Deadline**

The Court has previously made clear to the parties that a reasonable extension of the discovery period would be granted following the resolution of these pending motions. ECF No. 293 at 2. The Court expects the parties to abide by our directives in this Memorandum and Order, and we anticipate that those directives can be completed within 30 days. To the extent an additional period is needed, the parties shall confer and propose an alternative schedule of their own.

Further, the Court is in receipt of the Cartagena Defendants' September 23, 2026 letter. ECF No. 346. Pursuant to Rule 2.B of this Court's Individual Practices, the Court looks forward to receiving plaintiff's response.

The Clerk of Court is respectfully directed to terminate the motions pending at ECF Nos. 310-17.

**SO ORDERED.**

Dated: September 25, 2026
New York, New York

NAOMI REICE BUCHWALD
UNITED STATES DISTRICT JUDGE